# MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

**28 LIBERTY STREET**
**NEW YORK, N.Y. 10005-1413**

Katherine R. Goldstein
Partner
DIRECT DIAL NUMBER
+1 (212) 530-5318
E-MAIL: KGoldstein@milbank.com:

April 18, 2018

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Benjamin Chow*, 17 Cr. 667 (GHW)

Dear Judge Woods:

    On behalf of Benjamin Chow, we write regarding the Court's draft jury charge, which Your Honor provided to counsel on April 12, 2018. Mr. Chow writes to seek clarification regarding the proposed charges for Securities Fraud under Title 15 (Counts Two – Thirteen) and Title 18 (Count Fourteen) and venue.

    <u>Title 15 Securities Fraud</u>

    (1)    Page 20: We object to the omission of the word "fraudulently" as it relates to the description of the misappropriation scheme with which Mr. Chow is charged. The government is required to prove that the misappropriation was fraudulent and it is therefore appropriate to include this language in the description of the charges.

    (2)    Page 21: We object to the deletion of the language requiring the jury to find that the defendant acted with an intent to deceive ***Lattice***, the only source of information to which a duty was owed. As set forth in our March 5, 2018 letter ("March 5 Letter"), Dkt. # 78, which accompanied the proposed Joint Requests to Charge, the only actionable fraud charged in this case is a scheme to defraud Lattice. *See* March 5, 2018 Letter at 3. Omitting this language renders the charge erroneous, as it would not be a crime to intend to deceive anyone ***other*** than the source of the information under the misappropriation theory of insider trading law.

    (3)    Page 22: We object to the deletion of the language requiring the jury to find that Mr. Chow obtained information ***from Lattice that was subject to the duty of trust and confidence***. *See* March 5, 2018 Letter at 4. There was no obligation to keep confidential all information "about Lattice," as the charge now reads, but rather only an obligation to maintain confidentiality over the information that was subject to the restrictions of the agreements.

Hon. Gregory H. Woods
April 18, 2018
Page 2

Title 18 Securities Fraud

(1)     With respect to the first element, the government must prove under 18 U.S.C. § 1348—as it must under Section 10(b) and the wire fraud statute of Title 18—the elements set forth in *Carpenter v. United States*, 484 U.S. 19 (1987) and *United States v. O'Hagan*, 521 U.S. 642 (1997), including the existence of a duty, a breach and personal benefit in order to show the requisite deception, and not merely the unauthorized disclosure of confidential information. *See* March 5 Letter at 4-5. In the Court's proposed Title 18 charge, Your Honor has proposed to incorporate, at least in part, the definition of "scheme or artifice to defraud" articulated in the instruction for the Title 15 charges:

> As I explained earlier, a device, scheme or artifice to defraud is merely a plan to accomplish a fraudulent objective. In the same way, a device, scheme or artifice to obtain money or property by materially false and fraudulent pretenses, representations, or promises, is merely a plan to accomplish those ends.

*See* April 12, 2018 Draft Jury Charge, at 27. Mr. Chow is concerned that the Title 18 charge as drafted risks jury confusion because it is unclear whether and to what extent the charge incorporates the elements of a scheme to defraud set forth under Title 15, including the elements of duty, breach, and personal benefit. For the reasons stated in the March 5 Letter, it is plain that these elements apply to securities fraud under both Title 15 and Title 18. *See* March 5 Letter at 5-13. Mr. Chow therefore proposes that the draft charge be clarified to instruct the jury that they are required to apply the same definition of "scheme or artifice to defraud" in connection with Count Fourteen as they must in connection with Counts Two through Thirteen under Title 15. In particular, the Court's proposed instruction regarding the definition of "property" leaves open the possibility that the jury could convict the defendant of engaging in a scheme to defraud Lattice by obtaining and transferring to another person business information which is confidential but ***not*** material nonpublic information.

(2)     With respect to the second element, we object to the deletion of the language that requires that the defendant have acted with ***specific intent to defraud***. Specific intent to defraud is a required element of this charge under the law of this Circuit. *See United States v. Carpenter*, 791 F.2d 1024, 1035 (2d Cir. 1986); *United States v. Whitman*, 904 F. Supp. 2d 363, 372 (S.D.N.Y. 2012).

Venue Charge

The Court adopted the parties' joint proposed venue charge. Upon further consideration, however, Mr. Chow seeks additional clarifying language to explain to the jury that venue must be found separately and independently with respect to each count, and may not be found in one instance for all counts. While the proposed language captures that instruction in the first clause of the first sentence ("With respect to any given count you are considering"), we believe the jury would benefit from a clarifying instruction, as reflected below:

> With respect to any given count you are considering, the government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of

Hon. Gregory H. Woods
April 18, 2018
Page 3

the charge occurred in the Southern District of New York.  This is called establishing venue.  ***You must find that venue was established separately with respect to each count—that is, that at least one act in furtherance of the count you are considering occurred in the Southern District of New York.***

Conscious Avoidance

Mr. Chow objects to the inclusion of a conscious avoidance charge.  The government has pursued a theory of actual knowledge, including in its opening and in the arguments suggested during its examination of witnesses.  There is no evidence in the record that could support a conscious avoidance charge.  Specifically, there is no evidence that Mr. Chow deliberately turned a blind eye to facts which otherwise would have been obvious.  Without the necessary factual predicate, the instruction is improper.

Other

Mr. Chow respectfully objects to the Court's failure to include his proposed charge set forth in his March 5, 2018 Letter, Dkt. # 79, concerning the fourth question set forth in the first element of the securities fraud charge under Title 15.

In addition, Mr. Chow preserves his objection to the Court's failure to include a personal benefit instruction consistent with *United States v. Newman*, 773 F.3d 438, 452 (2d Cir. 2014).

Respectfully submitted,

/s/ _____
Katherine R. Goldstein
George S. Canellos
Adam Fee

cc:    AUSA Elisha Kobre (via ECF)
       AUSA Scott Hartman (via ECF)
       AUSA Max Nicholas (via ECF)